*FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re )  Case No.  17-22481-E-7
)
WILLIAM A. LANDES, )
)
Debtor. )
_____ )
)
JOHN REGER, )  Adv. Proc. No.  20-2130
)  Docket Control No. MPD-2
Plaintiff, )
)
v. )
)
ESSEX BANK, )
)
Defendant. )
_____ )
)
ESSEX BANK, )
)
Counter-Claimant, )
)
v. )
)
JOHN REGER, )
)
Counter-Opposing )
Trustee. )
_____ )

### MEMORANDUM OPINION AND DECISION

John Reger ("Counter-Opposing Trustee") moves for the court to dismiss as provided in Federal Rule of Civil Procedure 12(b)(6) the Counterclaim filed by Essex Bank ("Counter-Claimant") and to strike portions of the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(7).

The court begins its consideration with a review of the Counterclaim, then the grounds

provided by Counter-Opposing Trustee, and Opposition of the Counter-Claimant.

## REVIEW OF THE COUNTERCLAIM

The Counter-Claimant filed the Counterclaim (Dckt. 55) on January 11, 2021, in conjunction with filing its Answer to the Complaint ("Answer") (Dckt. 54). Fed. R. Civ. P. 13, Fed. R. Bankr. P. 7013. The Counterclaim, which must provide the "short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a), Fed. R. Bankr. P. 7008), provides the following for such required statement:

A. Any and all allegations in the Answer "are incorporated by reference as though fully set forth herein." Counterclaim, ¶ 2; Dckt. 55.

The court reads this to state that whatever is in the Answer, relevant or not, are shoveled into the Counterclaim.

B. Any and all allegations, as well as "other matters that are set forth in the Bankruptcy Court file since the date of the filing of [Counter-Opposing Trustee's] motion regarding the sale of guns and artwork is referred to and incorporated by reference." *Id.*, ¶ 3.

The court reads this incorporation to indiscriminately shovel whatever relevant and irrelevant materials are in the Bankruptcy Court file since the October 29, 2018 filing of the Motion to Sell in the William Landes Chapter 7 Case, 17-22481 (the "Related Bankruptcy Case"). 17-22481; Motion For Authorization to Sell, Dckt. 63.

In the two years and five months since that Motion to Sell was filed in the Related Bankruptcy Case, there have been 73 docket entry filings, with scores and scores of "allegations" and "other matters."

C. Any and all allegations "and other matters" "which are set forth in the appeal to the BAP in this case are referred to and incorporated by reference." Counterclaim, ¶ 4; Dckt. 55.

Counter-Claimant then directs the court to whatever, any, and all allegations and "other matters" in other documents in another court to consider whether this court can piece together a "short and plain statement" for the claim(s) that Counter-Claimant seeks to assert.

D. In the First Claim for Relief, Counter-Claimant seeks "Declaratory Relief," stating:

1. "A controversy exists about the $20,000 from the transaction between

[Counter-Opposing Trustee] and Marie Landes [Debtor's separated spouse], . . . ." *Id.*, ¶ 5.

2. A controversy exists "about the $13,000 of funds from the transaction between Reger and William Landes [the Debtor in the Related Bankruptcy Case]. . . ." *Id.*

3. A controversy exists "[a]bout [Counter-Claimant's] claim that it would be awarded attorneys' fees for the litigation in this bankruptcy case and Adversary Proceeding that relates to the controversy." *Id.*

E. Counter-Claimant alleges that Counter-Opposing Trustee owes Counter-Claimant "[$]20,000 from the Marie Landes transaction. . . ." *Id.*, ¶ 6.

F. Counter-Claimant alleges that Counter-Opposing Trustee owes Counter-Claimant "[t]he $13,000 from the William Landes transaction, . . . ." *Id.*

G. Counter-Claimant alleges that Counter-Opposing Trustee owes Counter-Claimant "[a]ttorneys' fees and costs for litigating everything relating to those matters." *Id.*

As discussed below, it does not appear that this is a "declaratory relief" cause of action as Congress permits under federal law. Rather, it appears that all actions have been taken, rights fixed, and the actual ownership rights, interests, and claims need to be finally adjudicated. Further, the "allegations" are conclusions of relief desired, not plain statements showing why Counter-Claimant is entitled to such relief.

H. Counter-Claimant repeats in Paragraph 8 of the Counterclaim, "[Counter-Claimant] is entitled to the $20,000 from the transaction between [Counter-Opposing Trustee] and Marie Landes, and the $13,000 from the transaction between [Counter-Opposing Trustee] and William Landes." *Id.*

I. Counter-Claimant asserts that it is entitled to attorney's fees and costs:

1. "[f]or litigating those matters that were initiated without good cause and in bad faith . . . ." *Id.*, ¶ 9;

2. "[b]ased on contractual provisions and [Debtor], which binds Marie Landes based on community property law, . . . ." *Id.*

3. "[w]hich also binds [Counter-Opposing Trustee] because he stands in the shoes of the Debtor . . . ." *Id.*

Again, Counter-Claimant states the relief it requests, without providing a short and plain basis upon which such relief is based. Counter-Claimant does reference some contract (with no contract or agreement identified) and that it asserts some identified principles of community property law result in Debtor's separated spouse having personal contractual liability to Counter-Claimant imposed on her merely because of marriage.

J.    Counter-Claimant continues asserting that,

> The transaction [not specifying which in the almost two and one half years of filings in the Related Bankruptcy Case, Bankruptcy Appellate Panel appeal, and this Adversary Proceeding] was expressly subject to [Counter-Claimant's] rights, and that can't be changed after the fact as [Counter-Opposing Trustee] is attempting to do.

*Id.*, ¶ 10.

It is not stated what "rights" are asserted and what "change" is asserted by the Counter-Opposing Trustee.

K.    Counter-Claimant then drops in a reference to 11 U.S.C. § 502(d), without stating how it is applicable to the Counterclaim, that:

> 11 U.S.C. Section 502(d) is not for circumstances like this, and has not been applied to a situation involving a Notice of Lien. [Counter-Claimant] has no money or property to surrender or give back.

*Id.*, ¶ 11.

The court has addressed the 11 U.S.C. § 502(d) issues in connection with the Motion for Summary Judgment on the Complaint filed by John Reger, the Plaintiff-Trustee and Counter-Opposing Trustee for this Counterclaim, which decision was not entered until after the Counterclaim was filed (and therefore Counter-Claimant did not have the benefit of that Decision when filing the Counterclaim). As discussed in that Memorandum Opinion and Decision, Counter-Claimant ignores plain and clear provisions of the Bankruptcy Code and established case law that liens are transfers of interests in a debtor's property, that obtaining liens are subject to the avoiding powers of a trustee, and that when a lien is avoided, such a lien is statutorily preserved (11 U.S.C. § 551) for the benefit of the bankruptcy estate.

L.    Counter-Claimant asserts that it is a third-party beneficiary of the contract that the Counter-Opposing Trustee had with the Debtor and the contract with Marie Landes. *Id.*, ¶ 12.

No short and plain statement of the basis for this legal conclusion is stated in the Counterclaim.

M.    Finally, there is the conclusion that "The actions by [Counter-Opposing Trustee] have been in violation of [Counter-Claimant's] rights as a creditor." *Id.* ¶ 13.

As with the other conclusions, Counter-Claimant does not provide a short and plain statement for this conclusion.

## REVIEW OF MOTION TO DISMISS

The Motion to Dismiss asserts that the Counterclaim in general restates the claims that are the subject of the Complaint in this Adversary Proceeding to determine the extent, validity, priority, and amount of the security interest of Counter-Claimant in the $13,000.00 relating to the sale of the Bankruptcy Estate's interest in the non-exempt equity in the two vehicles and the turn over of monies from a bank account by the Debtor in the Related Bankruptcy Case. Further, the Motion to Dismiss asserts:

A.    The Counterclaim fails to state a claim on which relief can be granted.

B.    The litigation privilege under California Civil Code §47 protects the actions taken by Trustee in both the $13,000.00 transaction and the $20,000.00 transaction as these are actions that were properly undertaken by Counter-Opposing Trustee to accomplish his chapter 7 administrative duties.

C.    The Anti Slapp doctrine under California Code of Civil Procedure §425.16 also protects the actions taken by the Trustee in both the $13,000.00 transaction and the $20,000.00 transaction as these are actions that were properly undertaken by Counter-Opposing Trustee to accomplish his chapter 7 administrative duties.

D.    The doctrine of judicial immunity, through the doctrine of derived quasi judicial immunity, protects Mr. John Reger's actions brought against him in his capacity as Chapter 7 Trustee, given that the counterclaim fails to allege personal liability against Reger in his personal capacity. The doctrine of judicial immunity, through the doctrine of derived quasi judicial immunity, also protects the actions taken by Trustee in both the $13,000.00 transaction and the $20,000.00 transaction as the related actions were properly noticed to [Counter-Claimant] and disclosed to the bankruptcy court.

E.    The Rule 12(b)(7) grounds to strike is directed at the attorney's fee request asserting: (1) there is no statutory or contractual basis to request or to award attorney's fees in favor of Counter-Claimant and against the Counter-Objecting Trustee, and (2) those allegations are redundant and immaterial. Counter-Opposing Trustee argues that he is not a party to the agreement between Counter-Claimant and Debtor, and Counter-Opposing Trustee did not assume and is not automatically bound by the pre-petition agreement as part of the chapter 7 administration.

## DISCUSSION

## APPLICABLE LAW

In considering a motion to dismiss, the court starts with the basic premise that the law favors disputes being decided on their merits. Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008 require that a complaint have a short, plain statement of the claim

1   showing entitlement to relief and a demand for the relief requested. FED. R. CIV. P. 8(a).[1] Factual

2   allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v.*

3   *Twombly*, 550 U.S. 544, 555 (2007), citing 5 C. WRIGHT & A. MILLER, FED. PRACTICE AND

4   PROCEDURE § 1216, at 235–36 (3d ed. 2004), "[t]he pleading must contain something more . . . than

5   . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

6          A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can

7   prove no set of facts in support of his claim that would entitle him to the relief. *Williams v. Gorton*,

8   529 F.2d 668, 672 (9th Cir. 1976). Any doubt with respect to whether to grant a motion to dismiss

9   should be resolved in favor of the pleader. *Pond v. Gen. Elec. Co.*, 256 F.2d 824, 826–27 (9th Cir.

10  1958). For purposes of determining the propriety of a dismissal before trial, allegations in the

11  complaint are taken as true and are construed in the light most favorable to the plaintiff. *McGlinchy*

12  *v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Kossick v. United Fruit Co.*, 365 U.S.

13  731, 731 (1961).

14         In ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the

15  Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and

16  matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

17  2007). The court need not accept unreasonable inferences or conclusory deductions of fact cast in

18  the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

19  2001). Nor is the court required to "accept legal conclusions cast in the form of factual allegations

20  if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

21  *Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (citations omitted).

22

23        [1] On this proper pleading under federal law question, Counter-Claimant (Essex Bank, a
    federal insured financial institution, FDIC Cert. # 8675) could not cite one federal case, one
24  Federal Rule of Civil Procedure or Bankruptcy Procedure, or federal law treatise to assert the
    "existing law or by a nonfrivolous argument for the extension, modification, or reversal of
25  existing law or the establishment of new law" to demonstrate that the Counterclaim complies
    with federal law. Instead, Counter-Claimant certifies that only a California State Law Treatise
26  (the Rutter Group) and California cases interpreting California law are the proper law to
    determine this federal law issue. The court has provided a detailed review of applicable Federal
27  Rules of Civil Procedure, U.S. Supreme Court decisions, Ninth Circuit decisions, and federal
    treatises in determining that the Counterclaim is deficient.
28

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: either a lack of a cognizable legal theory, or insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

**Minium Pleading Requirements**

The United States Supreme Court has addressed the minimum pleading requirements for a complaint or counterclaim in connection with Federal Rule of Civil Procedure 8, which is incorporated into Federal Rule of Bankruptcy Procedure 7008, which provides (emphasis added):

> Rule 8. General Rules of Pleading
>
> (a) Claim for Relief. **A pleading that states a claim for relief** <u>must contain</u>:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and
>
> (3) a **demand for the relief** sought, which may include relief in the alternative or different types of relief.

The United States Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), stated the proper application of Federal Rule of Civil Procedure 8(a). These principles were then restated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applying them to all civil actions in considering whether a party stating a claim for relief meets the minimum basic pleading requirements in Federal Court.

Under the Supreme Court's formulation for considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. at 687. Rather, a complaint or counterclaim[2] must set forth enough factual matter

---

[2] Federal Rule of Civil Procedure 8(a) states the pleading requirements for any pleading that states a claim for relief - which could be a complaint or a counterclaim, in which Counter-Claimant states several different monetary reliefs it seeks against the Counter-Opposing Trustee. *See* 3 Moore's Federal Practice - Civil § 1390 [1]:

> Counterclaims are affirmative claims for relief, usually asserting a right to

to establish plausible grounds for the relief sought.

In discussing the minimum pleading requirement for a complaint, Fed. R. Civ. P. 8(a)(2)), the Supreme Court reaffirmed that more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. at 678-679. Further, a pleading which offers mere "labels and conclusions" of "formulaic recitations of the elements of a cause of action" is insufficient. *Id.* A complaint must contain sufficient factual matter, if accepted as true, "to state a claim to relief that is plausible on its face." *Id.* It need not be probable that the plaintiff will prevail, but there are sufficient grounds that a plausible claim has been pled.

Both *Iqbal* and *Twombly* have often been cited and followed by the Ninth Circuit Court of Appeals, most recently in *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (emphasis added), in which the Ninth Circuit states:

> In *Twombly*, the Supreme Court considered the adequacy of a complaint alleging that defendants orchestrated an antitrust conspiracy in violation of the Sherman Act. 550 U.S. at 555. The Court observed that the complaint contained no factual allegations of an agreement as needed to establish a conspiracy. *Id.* at 564. Instead, the pleading rested on legal conclusions premised upon descriptions of parallel conduct. *Id.* *Twombly* held that Rule 8 requires plaintiffs to include enough facts "to raise a right to relief above a speculative level," and cautioned that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.
>
> The Supreme Court provided further clarification of the necessary pleading standard in *Iqbal*, where it considered a claim alleging that several high-ranking officials violated the First and Fifth Amendments by purposefully instituting a policy of discrimination that resulted in plaintiff's incarceration at a facility where the conditions of confinement were inadequate. 556 U.S. at 668-69. **Iqbal explained that "[t]wo working principles underlie" *Twombly*: (1) courts need not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" and (2) only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss**. *Id.* at 678-79.

> payment by a defending party in opposition to the claims of the plaintiff or other opposing party. . .
>
> . . .
>
> Because a counterclaim asserted in any pleading is a claim for affirmative relief, it is subject to Rule 8's requirement of a "short and plain statement" of the claim showing that the pleader is entitled to relief. To meet this requirement, the Supreme Court has imposed a "plausibility standard" under the *Twombly/Iqbal* line of authority requiring the pleading of sufficient facts, accepted as true, to state a claim that is plausible on its face. This plausibility standard therefore applies to the pleading of both permissive and compulsory counterclaims.

Because the complaint in *Iqbal* included only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief, the complaint was fatally defective. *Id.* at 679-80. The Court explained that plaintiff's allegation that officials "purposefully adopted" a policy of discrimination was inadequate because it lacked factual allegations that could "'nudg[e]' [his] claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id.* at 682-83 (quoting *Twombly*, 550 U.S. at 570).

Taken together**, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions**, *Twombly*, 550 U.S. at 570, that "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. The plausibility of a pleading thus derives from its well-pleaded factual allegations. *Id.* Contrary to Whitaker's assertions, our case law reflects this Rule 8 standard. *See, e.g., Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-97 (9th Cir. 2014) ("Although a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable, plaintiffs must include sufficient factual enhancement to cross the line between possibility and plausibility." (internal quotations and citations omitted)); *Landers v. Quality Comms., Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (applying *Iqbal* and *Twombly* to assess adequacy of Fair Labor Standards Act claim)*; Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (describing common principles of pleading derived from *Iqbal* and *Twombly* and applying them to civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (9th Cir. 2009) ("The factual content contained within the complaint does not allow us to reasonably infer that the Agents ordered the relocation of Plaintiffs' demonstration because of its anti-Bush message, and it therefore fails to satisfy *Twombly* and *Iqbal*.").

This basic pleading requirement for well-pleaded facts "to raise a right to relief above a speculative level," and not merely "a formulaic recitation of the elements" of the relief sought is discussed in Moore's Federal Practice, including the following:

The Court extended this plausibility standard in *Ashcroft v. Iqbal*, a *Biven*s civil rights action by a Muslim man who was arrested and detained on immigration charges after the September 11, 2001, terrorist attacks. The court read its decision in *Twombly* as applying a two-pronged approach. **First, while a court must accept as true all the factual allegations contained in a complaint, this principle is inapplicable to legal conclusions.** Thus, a court considering a motion to dismiss can begin by identifying legal conclusions (whether couched as factual allegations or bald, conclusory statements) that, because they are no more than conclusions, are not entitled to the presumption of truth. Then, **considering the remaining well-pleaded factual allegations, the court must determine whether the complaint states a plausible claim for relief.** This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Following this methodology, the Court eliminated most of the allegations in the complaint as conclusory and determined that the remaining non-conclusory allegations did not plausibly establish a case of discrimination.

The *Iqbal* Court cited to *Twombly* to explain what the "plausibility" requirement means:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570. A claim has

facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged. *Id.*, at 556. The plausibility standard is
not akin to a "probability requirement," but it asks for more than a
sheer possibility that a defendant has acted unlawfully.

In its discussion of the amount of factual content necessary to show "plausibility,"
the *Iqbal* court focused on the word "show" in Rule 8, which requires "a short and
plain statement of the claim showing that the pleader is entitled to relief." **The Court
stated that when "the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has alleged—but it has
not "show[n]"—that the pleader is entitled to relief."** Accordingly, the Court
seems to be making a distinction between allegations, which merely establish a
possibility, and a factual "showing," which need not establish a probability but must
at least be sufficient to allow the court to "draw the reasonable inference" of liability.

2 Moore's Federal Practice - Civil § 8.04 (2020).  Additionally, Moore's Federal Practice also

provides the following discussion of conclusory allegations:

[e] Conclusory Allegations Do Not Show That Claim Is "Plausible"

[i] Conclusory Allegations Are Meaningless Without Factual Support
In *Ashcroft v. Iqbal*, the Supreme Court made clear that allegations that are no more
than legal conclusions are not to be considered in the "plausibility" analysis:

Rule 8 marks a notable and generous departure from the
hyper-technical, code-pleading regime of a prior era, but it does not
unlock the doors of discovery for a plaintiff armed with nothing more
than conclusions . . .  While legal conclusions can provide the
framework of a complaint, they must be supported by factual
allegations.

A court must accept as true all the factual allegations contained in a complaint, but
this principle is inapplicable to legal conclusions. Thus, when determining whether
a complaint states a plausible claim for relief, a court should identify any conclusory
allegations and disregard them, making its determination based only on the
well-pleaded factual allegations.

2 Moore's Federal Practice - Civil § 8.04 [e] (2020)

The Counter-Opposing Trustee is correct.  The Counterclaim fails to comply with the

requirements of Federal Rule of Civil Procedure 8(a) and Federal Rule of Bankruptcy Procedure

7008, and the clear rulings of the U.S. Supreme Court.

The court grants the Motion to Dismiss and dismisses the Counterclaim without prejudice.

As discussed below, the "declaratory relief" as to the $13,000.00 is the subject of the First Cause

of Action in the Complaint which seeks not merely a declaration of future rights, but an adjudication

of the actual rights and interests of Counter-Opposing Trustee and the Counter-Claimant to the

$13,000.00.

In light of the pleadings to date and the litigation strategies of the Parties, the court does not grant perfunctory leave to file an amended counterclaim. If, after considering what rights, interests, and claims Counter-Claimant may want to properly assert in an amended counterclaim, it may file a motion for leave to file an amended counterclaim. Fed. R. Civ. P. 15(a)(2), Fed. R. Bankr. P. 7015. Exhibit A in support of such a motion will be a copy of the proposed counterclaim. Using this procedure has been effective in having parties to litigation comply with pleading requirements and not merely foment further litigation (and expending more time and money) arguing over the form of subsequent pleadings rather than the substance of any actual claim or controversy.

**Request for Declaratory Relief**

The court also considers Defendant's request for "declaratory relief." Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. Congress establishes the power of a federal court to issue a judgment declaring the respective rights and responsibilities of parties, even though damages have not accrued, in 28 U.S.C. § 2201, which states (emphasis added):

§ 2201.  Creation of remedy

(a) In a **case of actual controversy** within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, **any court of the United States**, upon the filing of an appropriate pleading, **may declare** the **rights and other legal relations** of any interested party seeking such declaration, **whether or not further relief is or could be sought**. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public Health Service Act.

The court may only grant declaratory relief where there is an actual controversy within its jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The controversy must be definite and concrete. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future."

1    *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).

2          The party seeking declaratory relief must show (1) an actual controversy and (2) a matter

3    within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998).

4    There is an implicit requirement that the actual controversy relate to a claim upon which relief can

5    be granted.  *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

6          However, declaratory relief is to allow parties to address actual, concrete disputes before

7    they act and trigger avoidable injury and damages.  As explained in 15 Moore's Federal Practice:

8          In enacting the Declaratory Judgment Act, Congress allowed parties to ascertain the
           potential legal consequences of their actions before taking those actions. In this
9          sense, a declaratory judgment action enables parties to avoid potentially harmful
           legal results. In essence, **a request for declaratory relief is a request that the court**
10         **delineate the rights, obligations, or relations of the parties** <u>so that any future</u>
           <u>action undertaken by the parties</u>, in respect of the subject dispute, will be
11         pre-approved by the court and <u>will not subject the parties to additional liability</u>.

12   15 Moore's Federal Practice - Civil § 101.80 (2020) (emphasis added).  This is further addressed in

13   Moore's Federal Practice, with  states:

14

15         The purpose of the Declaratory Judgment Act is to enable parties to **adjudicate their**
           **disputes before either suffers great damage**. The Act was enacted, at least in part,
16         to enable litigants to narrow the issues, speed the decision, and settle the controversy
           before an accumulation of differences and hostility engenders a wide and general
17         conflict involving numerous collateral issues. Courts may adjudicate legal rights and
           relations when the case is within a court's jurisdiction (see § 57.20 et seq.) and the
18         declaratory relief serves a useful purpose and settles the controversy (see § 57.40 et
           seq.).

19   12 Moore's Federal Practice - Civil § 57.03 (2021)

20         As discussed below, there is no dispute for which the parties seek to avoid damages, reduce

21   disputes, and avoid hostility.  There are only fixed, concrete rights and interests, with the court to

22   determine who has rights to the money in dispute and award damages for past, not future, conduct.

23   <u>Declaratory Relief For $20,000.00 Based on The</u>
     <u>Asserted Transaction Between Counter-Opposing Trustee</u>
24   <u>and Marie Landes in the Related Bankruptcy Case</u>

25         In the Counterclaim, Counter-Claimant concludes that it has the right to $20,000.00 relating

26   to the sale of artwork and guns in the Related Bankruptcy Case by the Counter-Opposing Trustee

27   to Marie Landes.  The relief requested is that Counter-Claimant is entitled to $20,000.00 from the

28   attempted past sale, not about conflicting asserted rights with respect to some future sale.  Here,

1  there is no declaratory relief to provide.

2        As the reversal obtained on appeal by Counter-Claimant to the Bankruptcy Appellate Panel
3  and now argued by the Counter-Claimant, the sale for $20,000.00 of artwork and guns, never
4  occurred – the Bankruptcy Appellate Panel reversing the order of the bankruptcy judge authorizing
5  the sale pursuant to 11 U.S.C. § 363(b).[3]    There being no sale authorized, the $20,000.00 was
6  returned to Marie Landes by the Counter-Opposing Trustee because he could not sell that property
7  to her.  There is no transaction which occurred, nor one that could legally be conducted, between
8  the Counter-Opposing Trustee and Marie Landes for there to be $20,000.00 in sales proceeds,
9  Counter-Claimant having been successful in having the order authorizing the sale pursuant to 11
10  U.S.C. § 363 (which sale was expressly subject to liens and encumbrances) reversed on appeal.
11  Therefore, no such monies exist or are stated to exist pursuant to a sale for this court to say that
12  Counter-Claimant is entitled to such monies because no sale occurred (Counter-Claimant having
13  killed the sale by having the Bankruptcy Appellate Panel reverse the order which authorized such
14  a sale).

15        Additionally, if Counter-Claimant were to state grounds that such a sale had occurred,
16  proceeds from the sale existed, and Counter-Claimant had the right to possession of the proceeds,
17  such would not be a claim for declaratory relief to govern future conduct, but enforce all of its rights
18  and interests in the existing monies, and any damages relating thereto, all acts by the parties having
19  occurred in the past.  There is no future sale stated to being contemplated or in process between
20  Marie Landes and Counter-Trustee yet to take place.

21  ///

22  ///

23

24  _____

25     [3]  The court has discussed the attempted sale of the artwork and guns, Counter-Claimant
succeeding in having the 11 U.S.C. § 363(b) reversed, and no sale having been authorized by any
26  subsequent order and never occurring in the court's Memorandum Opinion and Decision on the
Motion for Summary Judgment filed by John Reger, as the Plaintiff, in this Adversary
27  Proceeding.  Mem. Op. Dec., DCN: MPD-1.  The court does not repeat that discussion here, and
incorporates that portion of the court's decision from that Memorandum Opinion and Decision
28  on the Motion for Summary Judgment herein by this reference.

<u>Declaratory Relief For $13,000.00</u>
<u>From The Transaction Between</u>
<u>The Counter-Opposing Trustee and Debtor</u>

Declaratory relief as to this transaction is improper.  As explained above, declaratory relief is relief provided for possible conduct.  Here, the events of the sale which yielded the $13,000.00 funds have already occurred and the court must now determine, based on John Reger's, as Plaintiff-Trustee, Complaint, whether the Counter-Opposing Trustee or Counter-Claimant is entitled to the funds.

In addition to failing to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8(a), dismissal of the Counterclaim without prejudice is also proper because there is no declaratory relief to be given.  Counter-Claimant is litigating the present dispute over the fixed rights to the funds, not some future rights to some possible future funds if the Counter-Claimant or Counter-Opposing Trustee take various future actions.  Those existing, present rights are at issue in the First Cause of Action in the Complaint.

**Marie Landes and Community Property Law**
**Creating Person Liability on a Spouse**

Counter-Claimant also claims that community property law binds Debtor's spouse, Marie Landes, to Debtor's contract with Counter-Claimant.  No legal basis is provided by Counter-Claimant for this assertion.  Based on the court's review of California law, this assertion is contrary to California law.

California is a community property law state, with the "community" being about the property acquired during a marriage, and not a "community obligation" state in which a husband (in the matter before the court) binds his spouse to whatever obligations he chooses to unilaterally impose on her.  California Code, Family Code § 910 states:

> (a) Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt. While community property may be liable for a spouse's debts, the spouse personally is not liable for the debt if that spouse did not incur the debt.

///

14

1  In *Robertson v. Willis*, the court affirmed that <u>the</u> <u>community property</u> of that defendant and

2  her husband could be used as payment of that defendant's husband's debt to that plaintiff.

3  *Robertson v. Willis*, 77 Cal. App. 3d 358 (Cal. Ct. App. 1978).  However, while the community

4  property was liable for the husband's debt, the defendant wife was not personally liable for the debt

5  and so her separate property could not be used as payment. *Id.*, at 369.  This can be contrasted with

6  California Family Code §914, which provides for very limited personal liability of a non-debtor

7  spouse only for a spouse's debts for "necessaries of life."

8  Thus, Counter-Claimant's relief stating that Marie Landes is bound to some agreement

9  between Debtor and Counter-Claimant, appears to be erroneous as a matter of California law.  Due

10  to the inadequacy of the pleadings, the court cannot tell what agreement and what basis Counter-

11  Claimant would assert they create personal liability on a person not a party to that agreement.

12  **Request for Attorneys' Fees**

13  Here, Counter-Claimant states that it intends to seek the recovery of attorney's fees in this

14  litigation.  A prevailing party requests attorney's fees and costs by a post-judgment motion and costs

15  bill as provided in Federal Rule of Civil Procedure 54, which is incorporated into Federal Rule of

16  Bankruptcy Procedure 7054.

17
18  (d) Costs; Attorney's Fees.

19  (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court
    order provides otherwise, costs—other than attorney's fees—should be allowed to
20  the prevailing party. But costs against the United States, its officers, and its agencies
    may be imposed only to the extent allowed by law. The clerk may tax costs on
21  14 days' notice. On motion served within the next 7 days, the court may review the
    clerk's action.

22  **(2) Attorney's Fees**.

23  (A) **Claim to Be by Motion**. A claim for attorney's fees and related nontaxable
    expenses must be made by motion unless the substantive law requires those fees to
24  be proved at trial as an element of damages.

25  (B) **Timing** and Contents of the Motion. Unless a statute or a court order provides
    otherwise, the motion must:
26
27  (i) be filed **no later than 14 days after the entry of judgment**;

28  (ii) specify the judgment and the statute, rule, or other grounds entitling the
    movant to the award;

15

1    (iii) state the amount sought or provide a fair estimate of it; and

2    (iv) disclose, if the court so orders, the terms of any agreement about fees for
     the services for which the claim is made.

3    . . .

     (E) Exceptions. Subparagraphs (A)–(D) do not apply to claims for fees and expenses
4    as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.

5    Fed. R. Civ. P. 54(d) (emphasis added). In pertinent part with respect to the right to attorney's fees

6    in bankruptcy court proceedings, Federal Rule of Bankruptcy Procedure 7054 provides (emphasis

7    added):

8
     (b) Costs; attorney's fees.
9
     (1) Costs other than attorney's fees. The court may allow costs to the prevailing party
10   except when a statute of the United States or these rules otherwise provides. Costs
     against the United States, its officers and agencies shall be imposed only to the
11   extent permitted by law. Costs may be taxed by the clerk on 14 days' notice; on
     motion served within seven days thereafter, the action of the clerk may be reviewed
12   by the court.

13   **(2) Attorney's fees**.

14   (A) **Rule 54(d)(2)(A)–(C) and (E) F.R.Civ.P. applies in adversary
     proceedings** except for the reference in Rule 54(d)(2)(C) to Rule 78.
15
     (B) By local rule, the court may establish special procedures to resolve
16   fee-related issues without extensive evidentiary hearings.

17   Fed. R. Bank. P. 7054. Federal Rule of Bankruptcy Procedure 9014(b) incorporates Federal Rule

18   of Bankruptcy Procedure 7054, which incorporates Federal Rule of Civil Procedure 54, into

19   contested matter practice.

20          If Counter-Claimant has a right to recover attorney's fees as part of an adversary proceeding

21   or contested matter, Counter-Claimant may seek the allowance thereof in such adversary proceeding

22   or contested matter. If Counter-Claimant has a right to attorney's fees as damages, not "merely" as

23   a prevailing party in an adversary proceeding or contested matter, Counter-Claimant can, in

24   compliance with Federal Rule of Civil Procedure 8(a), state such a claim as proper.

25   **Dismissal of Counterclaim**

26          The Motion to Dismiss the Counterclaim is granted, and the Counterclaim is dismissed

27   without prejudice for failure to comply with the pleading requirements of Federal Rule of Civil

28   Procedure 8(a) and Federal Rule of Bankruptcy Procedure 7008.

1    The court dismisses without prejudice the grounds asserted in the Motion to Dismiss based

2  on California Civil Code § 47 Litigation Privilege, California Code of Civil Procedure § 425.16 Anti

3  Slapp, and the Judicial Immunity grounds asserted for dismissal of the Counterclaim.   The

4  Counterclaim does not provide sufficiently stated claims for the court to determine whether or not

5  there is an actual case or controversy on those issues between these parties.

6    If Counter-Claimant determines that seeking leave to file an amended counterclaim is proper,

7  it has been forewarned of these possible privileges and immunities that may be asserted, and can

8  draft such, if any, future amended counterclaim appropriately.   Conversely, Counter-Opposing

9  Trustee has the benefit of Counter-Claimant's response and is forewarned as to how Counter-

10  Claimant views such.

11  **Dated:**  April 01, 2021                    **By the Court**

12

13

14

15  **Ronald H. Sargis, Judge**
    **United States Bankruptcy Court**

16

17

18

19

20

21

22

23

24

25

26

27

28

17

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*.  The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor** | **Attorney for the Debtor** |
|---|---|
| William A. Landes<br>2485 Norte Dame Blvd., #230<br>Chico, CA 95928 | Douglas B. Jacobs, Esq.<br>20 Independence Circle<br>Chico, CA 95973 |
| **Plaintiff / Bankruptcy Trustee / Counter-Opposing Trustee**<br><br>John W. Reger<br>1707 El Capitan Drive<br>Redding, CA 96001 | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Plaintiff / Bankruptcy Trustee / Counter-Opposing Trustee**<br><br>Michael P. Dacquisto, Esq.<br>P.O. Box 493310<br>Redding, CA 96049 | **Attorney for the Defendant / Counter-Plaintiff**<br><br>Stephen G. Opperwall, Esq.<br>4900 Hopyard Road, #100<br>Pleasanton, CA 94588 |